# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RENTOKIL NORTH AMERICA, INC., formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VAHE MESSERLIAN, on behalf of himself and all others similarly situated

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 7 2016

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 6 2 5 1 3 3

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chant Yedalian, Chant & Co. A Prof. Law Corp., 1010 N. Central Ave., Glendale, CA 91202, (877) 574-7100

DATE: JUN 2 7 2016    SHERRI R. CARTER    Clerk, by M. Soto , Deputy
*(Fecha)*                                *(Secretario)*            *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RENTOKIL NORTH AMERICA, INC.
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

REMOVAL EXHIBIT A 001

1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff
6

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 2 7 2018

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: BC625133<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1. Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227; and<br><br>2. Violations of California Business & Professions Code § 17538.43<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, by his counsel of record, brings this action on his own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

- 1 -
COMPLAINT AND DEMAND FOR JURY TRIAL

**REMOVAL EXHIBIT A 002**

## INTRODUCTION

1. Under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (hereafter "TCPA") and its implementing regulations, 47 C.F.R. § 64.1200, it is unlawful for any person "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," unless the sender has an "established business relationship with the recipient," **and** the sender complies with other specific requirements concerning the sending of unsolicited advertisements, including but not limited to, providing the particular notices required by 47 U.S.C. § 227(b)(1)(C)(i), (b)(1)(C)(iii), and (b)(2)(D).

2. Thus, irrespective of whether a sender has an established business relationship with the recipient, the TCPA makes it unlawful to send an unsolicited advertisement if the notice required by 47 U.S.C. § 227 (b)(2)(D) is not contained in the unsolicited advertisement. ("It shall be unlawful for any person within the United States" "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless" "the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D)." 47 U.S.C. § 227(b)(1)(C)(iii).

3. In turn, the TCPA's 47 U.S.C. § 227(b)(2)(D) specifies that the notice contained in an unsolicited advertisement must include, among other things, the following:

> "(i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement;
>
> (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful;
>
> (iii) the notice sets forth the requirements for a request under subparagraph (E);
>
> (iv) the notice includes—

      (I) a domestic contact telephone and facsimile machine number for the recipient to transmit such a request to the sender; and

      (II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week."

4.    Defendants, RENTOKIL NORTH AMERICA, INC., formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive, (hereafter collectively referred to as "Defendants"), have violated the TCPA by sending unsolicited advertisements to the telephone facsimile numbers of persons and entities, such as Plaintiff, with whom Defendants have no "established business relationship."

5.    Moreover, even if Defendants had an established business relationship with those recipients to whom they sent the unsolicited advertisements (which they did not), Defendants nevertheless violated the TCPA because the unsolicited advertisements which Defendants sent did not contain the notice required by 47 U.S.C. § 227 (b)(2)(D), including the notice required to be on the first page and which "states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements … and that failure to comply … is unlawful."

6.    Defendants have used, "fax broadcasting," fax number databases and other methods to perpetrate their unsolicited advertising scheme.  The term "fax broadcasting" means the practice of faxing text or images *en masse* to several recipients at once, where each fax number dialed is drawn from a list or database of fax numbers.

7. Pursuant to the federal TCPA, and California's counterpart to the TCPA, Business & Professions Code § 17538.43, Plaintiff brings this class action to seek relief from Defendants' unlawful practices and acts.

8. Plaintiff seeks statutory and treble damages on behalf of himself and the Class and Subclass, and a permanent injunction enjoining Defendants from continuing their unlawful practice of sending unsolicited fax advertisements and causing or contributing to the unlawful practice of sending unsolicited fax advertisements by others.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction pursuant to California Code of Civil Procedure section 410.10 and 47 U.S.C. § 227(b)(3).

10. This Court has personal jurisdiction over RENTOKIL NORTH AMERICA, INC., formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company) because it committed many of the wrongs complained of herein within California, it has several physical facilities in California, does extensive business in California, and otherwise intentionally avails itself of the markets in California through the promotion, marketing, sale, and distribution of goods and services in California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

11. Venue is proper in this Court pursuant to California Code of Civil Procedure §§ 395 and 395.5. Defendants sent unsolicited fax advertisements to numerous persons residing in this county, including Plaintiff. Many of the acts giving rise to the violations complained of herein occurred and had their primary effect in this county. This is a class action case and the aggregate amount of the claims exceeds the jurisdictional minimum of this Court.

## PARTIES

12. Plaintiff Vahe Messerlian is and at all times relevant hereto was a resident of the State of California. Plaintiff received one or more unsolicited fax advertisements from Defendants, including the unsolicited fax advertisement a copy of which is attached hereto as Exhibit 1.

13. Defendant RENTOKIL NORTH AMERICA, INC. is and at all times relevant hereto was a corporation organized and existing under the laws of the State of Pennsylvania. Defendant RENTOKIL NORTH AMERICA, INC. was formerly known as J. C. Ehrlich Co., Inc. RENTOKIL NORTH AMERICA, INC. uses the fictitious business name and does business as Western Exterminator Company. When RENTOKIL NORTH AMERICA, INC. previously did business using the corporate name J. C. Ehrlich Co., Inc., it likewise used the fictitious business name and did business as Western Exterminator Company. At all times relevant hereto, RENTOKIL NORTH AMERICA, INC. formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company) has done and continues to do business in Los Angeles County, California.

14. At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

15. Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## CLASS ACTION ALLEGATIONS

16. Plaintiff brings this class action on behalf of himself and all other persons and entities similarly situated, pursuant to the provisions of California Code of Civil Procedure section 382, and, to the extent deemed applicable, California Civil Code Section 1781, Rules 23(a)(1)-(4), 23(b)(1), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, and case law thereunder, to which California courts have been directed by the California Supreme Court to look for guidance.

17. The class which Plaintiff seeks to represent is defined as:

> All persons and other entities within the United States who were a subscriber of a telephone facsimile number and to which telephone facsimile number Defendants sent or caused to be sent, within four years of the date this action was filed, one or more transmissions in the form of, or substantially similar to, Exhibit 1 (the "Class").[1]

18. Included within the Class is a Subclass defined the same as the Class with the exception that the Subclass is limited to all persons and other entities within California to whose telephone facsimile number advertisements were sent from California, i.e., intra-state advertisements sent from California to persons and other entities in California. The Subclass is defined as follows:

> All persons and other entities within California who were a subscriber of a telephone facsimile number and to which telephone facsimile number Defendants sent from California or caused to be sent from California, within four years of the date this action was filed, one or more

---

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition.

- 6 -
COMPLAINT AND DEMAND FOR JURY TRIAL

1  transmissions in the form of, or substantially similar to,
2  Exhibit 1 (the "Subclass").[2]

3  19.  Excluded from the Class and Subclass are Defendants and their directors, officers and employees, and any judge or justice assigned to hear any aspect of this litigation, and any spouse of such judge or justice.

6  20.  <u>Numerosity</u> (Cal. Code Civ. Proc. § 382; Cal. Civ. Code § 1781(b)(1); Fed. R. Civ. P. 23(a)(1)):  The Class and Subclass are so numerous that joinder of them all in one action would be impractical.  The disposition of their claims through this class action will benefit both the parties and this Court.  The exact size of the Class and Subclass and identities of individual members thereof are ascertainable through Defendants' records, including Defendants' fax transmittal records and fax number database.

13  21.  <u>Typicality</u> (Cal. Civ. Code § 1781(b)(3); Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of the claims of the entire Class and Subclass, in that Plaintiff and absent Class and Subclass members were each a subscriber of a telephone facsimile number and they each received one or more unsolicited advertisements from Defendants in the form of, or substantially similar to, Exhibit 1.

18  22.  <u>Common Questions of Fact and Law</u> (Cal. Code Civ. Proc. § 382; Cal. Civ. Code § 1781(b)(2); Fed. R. Civ. P. 23(a)(2) and (b)(3)):  There is a well-defined community of interest in the questions of law and fact affecting the members of the Class and Subclass and Defendants.

22  23.  The questions of fact and law common to the Class, including the Subclass, predominate over questions which may affect individual members, and include the following:

---

[2] Plaintiff reserves the right to amend or otherwise modify the Subclass definition and/or add further subclasses.

- 7 -
COMPLAINT AND DEMAND FOR JURY TRIAL

(a) Whether Defendants used a telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine;

(b) Whether Defendants' use of a telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine violated the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(C);

(c) Whether the sending of Defendants' unsolicited advertisements was willful or knowing;

(d) Whether Plaintiff and the Class and/or Subclass are entitled to statutory and or treble damages as provided by 47 U.S.C. § 227(b)(3) for Defendants' acts and conduct; and

(e) Whether Plaintiff and the Class and/or Subclass are entitled to a permanent injunction enjoining Defendants from continuing to engage in unlawful or unfair business practices and acts.

24. <u>Adequacy of Representation</u> (Cal. Civ. Code § 1781(b)(4); Fed. R. Civ. P. 23(a)(4)): Plaintiff is an adequate representative of the Class and Subclass because his interests do not conflict with the interests of the Class and Subclass members which Plaintiff seeks to represent. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and Subclass and has no interests antagonistic to the Class or Subclass. Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

25. <u>Superiority</u> (Cal. Code Civ. Proc. § 382; Fed. R. Civ. P. 23(b)(1) and 23(b)(3)): A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class and Subclass. While the aggregate damages awarded to the Class and Subclass are likely to be substantial, the damages suffered by individual members of the Class and Subclass are relatively small. As a result, the expense and burden of individual litigation makes it economically

- 8 -
COMPLAINT AND DEMAND FOR JURY TRIAL

infeasible and procedurally impracticable for each member of the Class and Subclass to individually seek redress for the wrongs done to them. The likelihood of individual Class and Subclass members prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class and Subclass. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

26. <u>Injunctive Relief</u> (Fed. R. Civ. P. 23(b)(2)): Defendants have acted on grounds generally applicable to the Class and Subclass, thereby making appropriate final injunctive relief with respect to the Class and Subclass as a whole.

## FIRST CAUSE OF ACTION

### For Violation of 47 U.S.C. § 227

**(On Behalf of Plaintiff and the Plaintiff Class and Subclass as against all Defendants including DOES 1 through 100)**

27. Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

28. Plaintiff asserts this claim on behalf of himself and the Plaintiff Class and Subclass against Defendants and each of them.

29. Through the use of telephone facsimile machine(s), computer(s), and or other devices, within four years of the date this action was filed, Defendants sent or caused to be sent to the telephone facsimile numbers of Plaintiff, the Class and Subclass one or more unsolicited advertisements in the form of, or substantially similar to, Exhibit 1.

30. Plaintiff Vahe Messerlian is, and has been for more than four years, the subscriber of the dedicated telephone facsimile number (818) 368-8480. Plaintiff Vahe Messerlian received, through his telephone facsimile number (818) 368-8480 and telephone facsimile machine, one or more unsolicited advertisements from Defendants, including the unsolicited advertisement received on or about March 27, 2015 a true and correct copy of which is attached hereto as Exhibit 1 and is incorporated by reference as though fully set forth herein.

31. The term "unsolicited advertisement" as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227(a)(5) means: "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise."

32. The faxes sent or caused to be sent by Defendants to Plaintiff and the Class and Subclass constitute "unsolicited advertisements" as defined by the TCPA. Each such fax advertised the commercial availability or quality of property, goods, and or services.

33. Plaintiff and the Class and Subclass did not provide any of the Defendants with any prior express invitation or permission to transmit or send the unsolicited advertisements.

34. Neither Plaintiff nor the Class, including the Subclass, had any prior relationship with any of the Defendants sufficient to authorize the sending of the unsolicited advertisements. There was no established business relationship between any of the Defendants and Plaintiff or the Class or Subclass when Defendants sent and or caused to be sent to the respective telephone facsimile number(s) of Plaintiff, the Class and Subclass, Defendants' unsolicited advertisements. Neither Plaintiff nor the Class, including the Subclass, had any prior or existing relationship with any of the Defendants or a voluntary two-way communication with any of the Defendants when Defendants sent and or caused to be sent to the respective

telephone facsimile number(s) of Plaintiff, the Class and Subclass, Defendants' unsolicited advertisements.

35. Moreover and in any event, as explained in further detail in paragraphs 1-5, above, even if Defendants had an established business relationship with those recipients to whom they sent the unsolicited advertisements (which they did not), Defendants nevertheless violated the TCPA because the unsolicited advertisements which Defendants sent did not contain the notice required by 47 U.S.C. § 227 (b)(2)(D), including the notice required to be on the first page and which "states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements … and that failure to comply … is unlawful."

36. Through their conduct, Defendants violated the TCPA, which prohibits the sending of unsolicited fax advertisements.

37. Accordingly, under the TCPA, Defendants are liable to Plaintiff and the Class and Subclass in the statutory damage amount of $500 per each unsolicited fax advertisement sent, and, in the event it is found by a trier of fact that Defendants' violations were willful or knowing, Defendants are liable to Plaintiff and the Class and Subclass for treble damages of up to $1500 per each unsolicited fax advertisement sent.

38. Defendants interfered with Plaintiff's and the Class' and Subclass' rights in their respective telephone facsimile number(s) and/or telephone facsimile machine(s), by dialing Plaintiff's and the Class' and Subclass' respective designated telephone facsimile number(s) and sending to each of them one or more facsimile transmissions.

39. Defendants took possession of Plaintiff's and the Class' and Subclass' telephone facsimile number(s) and/or telephone facsimile machine(s), without their consent, by dialing Plaintiff's and the Class' and Subclass' respective designated

1 telephone facsimile number(s) and sending to each of them one or more facsimile
2 transmissions.

3     40.    Unless restrained, Defendants will continue to engage in their unlawful
4 conduct.

5     41.    Plaintiff seeks on behalf of himself, the Class and Subclass a permanent
6 injunction enjoining Defendants and each of them from continuing their unlawful
7 practice of sending unsolicited fax advertisements and causing or contributing to the
8 unlawful practice of sending unsolicited fax advertisements by others.

9     42.    The TCPA was enacted to protect the right of privacy of Plaintiff and
10 the Class and Subclass. The conduct alleged herein constitutes a highly offensive
11 intrusion into the homes and/or businesses of Plaintiff and the Class and Subclass,
12 and violates the right of privacy of the Plaintiff and the Class and Subclass. The
13 damages sought herein constitute "Advertising Injury" within the meaning of
14 standard-form Commercial General Liability or Comprehensive General Liability
15 insurance policies maintained by most businesses.

## SECOND CAUSE OF ACTION

**For Violation of California Business & Professions Code § 17538.43**

**(On Behalf of Plaintiff and the Subclass as against**

**all Defendants including DOES 1 through 100)**

21     43.    Plaintiff hereby incorporates by reference the allegations contained in
22 this Complaint.

23     44.    Plaintiff assert this claim on behalf of himself and the Subclass against
24 Defendants and each of them.

25     45.    This Second Cause of Action is limited solely to intra-state unsolicited
26 advertisements sent from California to the telephone facsimile number(s) of persons
27 and other entities in California as set forth in paragraph 18, above, which is
28 incorporated by reference as though fully set forth herein.

46. Business & Professions Code § 17538.43(b)(1) provides as follows:

> "It is unlawful for a person or entity, if either the person or entity or the recipient is located within California, to use any telephone facsimile machine, computer, or other device to send, or cause another person or entity to use such a device to send, an unsolicited advertisement to a telephone facsimile machine."

47. Through the use of telephone facsimile machine(s), computer(s), and or other devices, Defendants sent or caused to be sent to the telephone facsimile number(s) of Plaintiff and the Subclass one or more unsolicited advertisements.

48. Plaintiff Vahe Messerlian received, in Los Angeles County, California, through his telephone facsimile number (818) 368-8480 and telephone facsimile machine, one or more unsolicited advertisements from Defendants, including the unsolicited advertisement received on or about March 27, 2015 a true and correct copy of which is attached hereto as Exhibit 1 and is incorporated by reference as though fully set forth herein.

49. The term "unsolicited advertisement" as defined by the Business & Professions Code § 17538.43 means: "any material advertising the commercial availability or quality of any property, goods, or services that is transmitted to any person or entity without that person's or entity's prior express invitation or permission."

50. The faxes sent or caused to be sent by Defendants to Plaintiff and the Subclass constitute "unsolicited advertisements" as defined by Business & Professions Code § 17538.43. Each such fax advertised the commercial availability or quality of property, goods, and or services.

51. Plaintiff and the Subclass did not provide any of the Defendants with any prior express invitation or permission to transmit or send the unsolicited advertisements.

52. Through their conduct, Defendants violated Business & Professions Code § 17538.43, which prohibits the sending of unsolicited fax advertisements if either the person or entity or the recipient is located within California.

53. Accordingly, under Business & Professions Code § 17538.43, Defendants are liable to Plaintiff and the Subclass in the statutory damage amount of $500 per each unsolicited fax advertisement sent, and, in the event it is found by a trier of fact that Defendants' violations were willful or knowing, Defendants are liable to Plaintiff and the Subclass for treble damages of up to $1500 per each unsolicited fax advertisement sent. Business & Professions Code § 17538.43 provides that the these remedies may be recovered "[i]n addition to any other remedy provided by law, including a remedy provided by the Telephone Consumer Act (47 U.S.C. Sec. 227 and following)."

54. Unless restrained, Defendants will continue to engage in their unlawful conduct.

55. Plaintiffs seeks on behalf of himself and the Subclass a permanent injunction enjoining Defendants and each of them from continuing their unlawful practice of sending unsolicited fax advertisements and causing or contributing to the unlawful practice of sending unsolicited fax advertisements by others.

56. The conduct alleged herein constitutes a highly offensive intrusion into the homes and or businesses of Plaintiff and the Subclass, and violates the right of privacy of the Plaintiff and the Subclass. The damages sought herein constitute "Advertising Injury" within the meaning of standard-form Commercial General Liability or Comprehensive General Liability insurance policies maintained by most businesses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. An order certifying the Class and Subclass, and appointing Plaintiff as

1  the representative of the Class and Subclass, and appointing Plaintiff's counsel as
2  counsel for the Class and Subclass;
3      2.    An award to Plaintiff and the Class and Subclass of statutory damages
4  in the amount of $500 for each violation of the Telephone Consumer Protection Act,
5  47 U.S.C. § 227, by Defendants;
6      3.    An award to Plaintiff and the Class and Subclass of statutory treble
7  damages of up to $1500 for each unsolicited fax advertisement willfully or
8  knowingly sent by Defendants in violation of the Telephone Consumer Protection
9  Act, 47 U.S.C. § 227;
10     4.    An award to Plaintiff and the Subclass of statutory damages in the
11 amount of $500 for each violation of Business & Professions Code § 17538.43 by
12 Defendants;
13     5.    An award to Plaintiff and the Subclass of statutory treble damages of
14 up to $1500 for each unsolicited fax advertisement willfully or knowingly sent by
15 Defendants in violation of Business & Professions Code § 17538.43;
16     6.    A permanent injunction enjoining Defendants and each of them from
17 engaging in the unlawful and unfair acts and practices described above;
18     7.    For payment of costs of suit herein incurred;
19     8.    For payment of reasonable attorneys' fees pursuant to, *inter alia*,
20 C.C.P. § 1021.5; and
21     9.    For such other and further relief as the Court may deem proper.

DATED: June 26, 2016        CHANT & COMPANY
                                          A Professional Law Corporation

                                          By_____
                                               Chant Yedalian
                                               Counsel For Plaintiff


## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims so triable.

DATED: June 26, 2016

CHANT & COMPANY
A Professional Law Corporation

By _____
Chant Yedalian
Counsel For Plaintiff

# EXHIBIT "1"

REMOVAL EXHIBIT A 018

From:Western Exterminator 909 597 0513 03/27/2015 10:31 #678 P.001/001




# WESTERN
## EXTERMINATOR COMPANY
*Family Pride In Excellence Since 1921*

## Do you need a first or second opinion for a
# TERMITE INSPECTION?

Just fill out this form and fax or email it to us.
We will do the rest!

**Fax: (818) 997-6976**
**Email:** abarnes@west-ext.com

- *Realtor Focused*
- *Prompt Termite Inspections*
- *Repair Services Available*



**$45 INSPECTION**
With This Flyer
(Reg $65)

*Relieve last minute stress.*
*Order your inspection at time of listing.*

**EMAIL OR FAX YOUR ORDER TODAY!**

**REAL ESTATE AGENT**
Real Estate Company Name: _____
Agent Name: _____ Phone No: _____
Escrow Company Name: _____ Escrow No: _____
Escrow Officer Name: _____ Closing Date: _____

**OWNER:**
Inspection Address: _____
City: _____ Zip: _____ Phone No: _____
Owner's Name: _____
Sq Ft: _____ Access Info: _____ Age of Home: _____

## Arthur Zabalza
Licensed WDO Inspector
Office Number:
(818) 989-1100


**Expires 12/31/15**

**Fax:** (818) 997-6976
**Email:** abarnes@west-ext.com

Not valid with any other offer, program or service.

REMOVAL EXHIBIT A 019