1  Chant Yedalian, State Bar No. 222325
   (chant@chant.mobi)
2  CHANT & COMPANY
   A Professional Law Corporation
3  1010 N. Central Ave.
   Glendale, CA 91202
4  Phone: 877.574.7100
   Fax: 877.574.9411
5
   Counsel for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J. C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:16-cv-06941-GW-GJS<br><br>**NOTICE OF MOTION AND MOTION TO REMAND CASE TO STATE COURT**<br><br>[Filed concurrently with Declaration of Chant Yedalian and Exhibit 1; [Proposed] Order]<br><br>**HEARING**<br>Date: November 3, 2016<br>Time: 8:30 a.m.<br>Court Room: 10<br>Judge: Hon. George H. Wu |

TO THE HONORABLE COURT, AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE THAT on November 3, 2016, at 8:30 a.m., or as soon thereafter as the matter may be heard before the Honorable George H. Wu in Court Room 10, located at 312 North Spring Street, Los Angeles, CA 90012, Plaintiff, Vahe Messerlian, will and hereby does move the Court, pursuant to 28 U.S.C. § 1447(c) for an order remanding this case to state court (Superior Court of California, for the County of Los Angeles).

This Motion is made on the following grounds:

- This case was originally filed in California state court;
- On September 15, 2016 Defendant removed this case to this Court conclusorily claiming federal question as the purported basis for the Court's jurisdiction;
- Removal statutes are strictly construed and there is a "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction;
- As the party that removed this case to federal court, Defendant bears the burden of overcoming that "strong presumption" and proving that this Court has federal subject-matter jurisdiction;
- However, rather than trying to prove jurisdiction, Defendant has done the opposite: In its Answer and as an "Affirmative Defense," Defendant has taken the affirmative position that "Plaintiff does not have any particularized or concrete injury." Dkt. No. 8: Answer, Second Affirmative Defense. Moreover, Defendant has cited to and relied upon cases like *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 1548 (2016) which hold that the injury-in-fact requirement necessary for federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized.'" Because federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized'" and because Defendant asserts that "Plaintiff does not have any particularized or concrete injury," Defendant has not established

jurisdiction and, therefore, the case must be remanded to state court.

This Motion is based upon this Notice of Motion and Motion, the Declaration of Chant Yedalian (including Exhibit 1 attached thereto), the papers and pleadings on file in this action, and upon such other and further evidence as the Court may adduce at the time of the hearing.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 28, 2016.

                                                Respectfully submitted,

Dated: October 6, 2016          CHANT & COMPANY
                                          A Professional Law Corporation

                                          By:  /S/ – Chant Yedalian
                                                    Chant Yedalian
                                          Counsel for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Removal statutes are strictly construed and there is a "strong presumption" that a cause is outside of a federal court's subject-matter jurisdiction. As the party that removed this case to federal court, Defendant bears the burden of overcoming that "strong presumption" and proving that this Court has federal subject-matter jurisdiction. However, rather than trying to prove jurisdiction, Defendant has done the opposite: In its Answer and as an "Affirmative Defense," Defendant has taken the affirmative position that "Plaintiff does not have any particularized or concrete injury."[1] Moreover, Defendant has cited to and relied upon cases like *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 1548 (2016) which hold that the injury-in-fact requirement necessary for federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized.'" Because federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized'" and because Defendant asserts that "Plaintiff does not have any particularized or concrete injury," Defendant has not established jurisdiction and, therefore, the case must be remanded to state court. *Davis Neurology v. Doctordirectory.com, LLC.*, 2016 U.S. Dist. LEXIS 84391 at *2 (E.D. Ark. June 29, 2016) [Remanding TCPA case *sua sponte* to state court for lack of jurisdiction where Defendant removed to federal court but then took position contrary to federal jurisdiction].

## II. THIS CASE ORIGINATED IN CALIFORNIA STATE COURT AND ASSERTS TWO STATUTORY CAUSES OF ACTION

This case was filed in California Superior Court for the County of Los Angeles. It alleges the following two statutory causes of action: (1) violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (hereafter "TCPA"); and (2) violation of California Business & Professions Code § 17538.43. Complaint.

---

[1] Dkt. No. 8: Answer, Second Affirmative Defense.

Defendant removed this case to this Court on September 15, 2016.

## III. DEFENDANT HAS NOT MET ITS BURDEN OF PROVING THAT THIS COURT HAS JURISDICTION; QUITE THE OPPOSITE, RATHER THAN TRYING TO PROVE JURISDICTION, DEFENDANT HAS TAKEN THE AFFIRMATIVE POSITION THAT THERE IS NO PARTICULARIZED OR CONCRETE INJURY THAT IS A REQUISITE FOR FEDERAL SUBJECT MATTER JURISDICTION

"Nothing is to be more jealously guarded by a court than its jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) overruled on other grounds by *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991).

Moreover, there exists a "strong presumption" that a cause is outside of a federal court's jurisdiction and the burden of overcoming the presumption and establishing jurisdiction is with the party who removes a case to federal court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ["Federal courts are courts of limited jurisdiction" and "[i]t is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction."].

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Ninth Circuit has also explained that federal courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Stated another way, "[t]he district court [i]s required to resolve all doubts about federal jurisdiction in favor of remand." *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993).

Rather than trying to prove jurisdiction, Defendant has done the opposite: In its Answer and as an "Affirmative Defense," Defendant has taken the affirmative position that **"Plaintiff does not have any particularized or concrete injury."** Dkt. No. 8: Answer, Second Affirmative Defense. Moreover, Defendant has cited to and relied upon cases like *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1545, 1548 (2016) which hold that the injury-in-fact requirement necessary for federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized.'"[2] Because federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized'" and because Defendant asserts that "Plaintiff does not have any particularized or concrete injury," Defendant has not established jurisdiction and, therefore, the case must be remanded to state court.

A similar situation in another TCPA case recently resulted in the district court *sua sponte* ordering remand of that TCPA case to state court:

> "Doctor Directory finds itself in a contrarian position: by forcing this case into federal court through removal, it asserts jurisdiction exists; however, by arguing Davis Neurology lacks standing after *Spokeo v. Robins*, 136 S.Ct. 1540 (2016), it asserts that jurisdiction is lacking. Although *Spokeo* expanded the discussion, courts have observed that the Supreme Court did not answer the ultimate question. See, e.g., *Errington*

---

[2] In addition to *Spokeo*, Defendant has cited to and relied upon the following cases to assert a lack of any particularized or concrete injury: *Smith v. Aitima Med. Equip. Inc.*, 2016 U.S. Dist. LEXIS 113671 (C.D. Cal. July 29, 2016); *Susinno v. Work Out World Inc.*, 2016 U.S. Dist. LEXIS 113664 (D. N.J. Aug. 1, 2016); *Romero v. Department Stores National Bank*, No. 15-cv-193-CAB-MDD, 2016 WL 4184099, --- F. Supp. 3d --- (S.D. Cal. Aug. 5, 2016). See Exhibit 1 emails dated September 16, 2016 12:10 PM and 12:05 PM. Every single one of these cases, *Smith, Susinno* and *Romero* held that the district court did <u>not</u> have federal subject-matter jurisdiction. *Smith*, 2016 U.S. Dist. LEXIS 113671 at *7-13 (TCPA case holding that there is no subject matter jurisdiction because there is no concrete injury); *Susinno*, 2016 U.S. Dist. LEXIS 113664 at *1 (dismissing case pursuant to Fed. R. Civ. P. 12(b)(1) due to lack of subject matter jurisdiction); *Romero*, 2016 WL 4184099 at *1-3 (TCPA case holding that there is a "lack of subject matter jurisdiction on the grounds that Plaintiff lacks standing under Article III of the Constitution" because there is no "concrete injury"). Of course, here, this case originated in state court and therefore requires remand (rather than dismissal) pursuant to 28 U.S.C. § 1447(c).

*v. Time Warner Cable, Inc.*, Case No. 2:15-CV-02196, 2016 U.S. Dist. LEXIS 66317, at *7-8 (C.D. Cal. 2016). If there is any doubt, however, remand is appropriate. See *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993) ('The district court was required to resolve all doubts about federal jurisdiction in favor of remand.'). Indeed, now that Doctor Directory essentially concedes there is a lack of standing — and thus a lack of jurisdiction — the correct remedy is not judgment, but rather remand back to state court. *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014).

Therefore, this case is remanded to the Pope County Circuit Court." *Davis Neurology v. Doctordirectory.com, LLC.*, 2016 U.S. Dist. LEXIS 84391 at *2 (E.D. Ark. June 29, 2016).

Just as in *Davis Neurology*, Defendant has not overcome the "strong presumption" against federal subject-matter jurisdiction. Federal subject-matter jurisdiction requires "an injury that is both 'concrete and particularized.'" *Spokeo*, 136 S.Ct. at 1545 and 1548. Yet, far from satisfying its burden of proving federal jurisdiction, Defendant has taken the affirmative position, including as an "Affirmative Defense" in its Answer, that "Plaintiff does not have any particularized or concrete injury." Thus, Defendant has not satisfied its burden of establishing federal subject-matter jurisdiction and this case must be remanded to state court from which it originated.

It also bears emphasizing that if subject matter-jurisdiction is not established, it is *mandatory* for a district court to remand the case to state court where it originated. *Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257-158 (9th Cir. 1997) [Explaining that "[s]ection 1447(c) is mandatory, not discretionary" and that "where subject matter jurisdiction is lacking, district court must remand to state court even if futile."].

Moreover, "if court lacks jurisdiction it is powerless to reach the merits." *Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100, 1106-1107 and n. 4 (9th Cir. 2006) (holding that district court "erred by reaching the merits," and explaining that "no matter how important the issue, a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution").

## IV. CONCLUSION

For all of the foregoing reasons, this case must be remanded to California state court where it originated.

Respectfully submitted,

Dated: October 6, 2016          CHANT & COMPANY
                                A Professional Law Corporation


                                By: /S/ – Chant Yedalian
                                    Chant Yedalian
                                    Counsel for Plaintiff