GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Email: herringtonr@gtlaw.com
Robert S. Freund (SBN 287566)
Email: freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:   (310) 586-7700
Facsimile:    (310) 586-7800
Attorneys for Defendant,
RENTOKIL NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J.C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-06941-GW-GJS<br><br>**DEFENDANT RENTOKIL NORTH AMERICA, INC.'S OPPOSITION TO MOTION TO REMAND CASE TO STATE COURT**<br><br>Judge:  Hon. George H. Wu<br><br>Date:  November 10, 2016<br>Time:  8:30 a.m.<br>Courtroom:  10, N. Spring St.<br><br>Action removed:  Sept. 15, 2016<br>Trial:  None set |

1

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

PHX 331824504v4

## I.    **INTRODUCTION**

This case was properly removed because Plaintiff asserts a federal claim under the Telephone Consumer Protection Act ("TCPA"), 48 U.S.C. § 227 *et seq*.  Rentokil's notice of removal established that the Court has subject matter jurisdiction, and Plaintiff does not challenge the sufficiency of the notice of removal.  Rather, Plaintiff's sole argument is that the Court has somehow been stripped of jurisdiction because Rentokil asserts in its answer that Plaintiff did not suffer any cognizable injury.  But that argument is contrary to law.  Courts determine jurisdiction based on the allegations in the complaint and do not consider outside matters, including those raised in the answer.  Plaintiff's motion to remand is groundless and should be denied.

## II.   **FACTUAL BACKGROUND**

### A.    **Nature of Plaintiff's Claims.**

Plaintiff's Complaint alleges two causes of action:  (1) "Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227," and (2) "Violations of California Business & Professions Code § 17538.43."  (Dkt. No. 1-1 [Complaint] ¶¶ 27-56.)  Both claims are based on the allegation that Plaintiff received "one or more unsolicited advertisements" from Rentokil via telephone facsimile.  (*Id.* ¶¶ 30, 48.)  Plaintiff attached to the Complaint a copy of an advertisement he allegedly received on March 27, 2015.  (Dkt. No. 1-1 [Complaint] at 19.)

### B.    **Rentokil's Counsel Seeks Clarification of Plaintiff's Vague Injury Allegations in Meet and Confer Correspondence.**

Rentokil timely removed this action from state court on September 15, 2016.  (Dkt. No. 1[Notice of Removal].)  Later that day, counsel for Rentokil contacted Plaintiff's counsel via e-mail to meet and confer in accordance with Local Rule 7-3.  (Dkt. No. 11-1 [Yedalian Decl. Ex. 1] at 9.)  Because Rentokil was considering moving to dismiss for failure to state a claim, Rentokil's counsel requested clarification as to Plaintiff's indeterminate allegations, including the number of facsimiles he allegedly received.  (*See id.* at 7 ["In paragraph 30 of the complaint, it is unclear whether plaintiff is claiming to

2

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

have received one fax or more than one fax.  The paragraph does say 'one or more faxes,' but then attaches only a single fax as Exhibit 1.  Is plaintiff claiming to have received more than one fax?"].)  To facilitate the dialogue, Rentokil's counsel referred Plaintiff's counsel to authorities addressing the issue of injury in the context of TCPA claims.  (*Id.*)

Plaintiff's counsel's response failed to address the question.  Rentokil's counsel then reiterated that the Complaint appears to lack "facts supporting the conclusory allegations as to harm, injury and damage" and that "it is unclear …whether plaintiff is claiming to have received more than one allegedly unauthorized fax."  (*Id.* at 5.) Plaintiff's counsel again failed to address the question in his response.  (*Id.*)  Rentokil's counsel asked a third time:  "Are you alleging more than one fax or just one?"  (*Id.*) Rather than clarify the allegations, Plaintiff's counsel responded, "We've alleged what we've alleged in the Complaint.  I've attached the only fax I have for this Plaintiff."  (*Id.* at 4.)

Following this exchange, Rentokil decided against a motion challenging the pleadings and filed its Answer on September 22, 2016.  (Dkt. No. 8.)

## III.   <u>ARGUMENT</u>

### A.   **Rentokil's Notice of Removal Established That the Court Has Federal Question Jurisdiction.**

Plaintiff argues that Rentokil did not meet "its burden of proving that this Court has jurisdiction."  (Mot. at 2.)  But a notice of removal need only contain a "short and plain statement of the grounds for removal."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).  Rentokil carried its burden and established that the Court has subject matter jurisdiction over this action because it is clear from the face of the Complaint that Plaintiff's TCPA claim involves a right arising under the laws of the United States.  *See Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWW-GSA, 2008 WL 590494, at *2 (E.D. Cal. Feb. 29, 2008) ("Jurisdiction must be determined from the face of the complaint, and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists.") (citing *Caterpillar*

3

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

*Inc. v. Williams*, 482 U.S. 386 (1987) and *Okla. Tax Comm'n v. Graham*, 489 U.S. 838 (1989)); *see Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 (9th Cir. 2004) ("Let us remember that the standard for establishing federal jurisdiction is even less stringent than that required to state a claim under Fed. R. Civ. P. 12(b)(6).").

The Complaint alleges that Rentokil "sen[t] unsolicited advertisements to the telephone facsimile numbers of persons and entities, including Plaintiff," causing unidentified injuries. (Compl. ¶¶ 1-5, 27-42.) Plaintiff seeks, among other things, statutory damages under the TCPA. (*Id.* at Prayer for Relief.) Because Plaintiff's Complaint asserts a federal claim, the Court has subject matter jurisdiction, and removal was proper. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) ( "[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA."); *Ewing v. Flora*, No. 14CV2925 AJB (NLS), 2015 WL 12564225, at *3 (S.D. Cal. Mar. 25, 2015) ("*Mims* remains the relevant and controlling law to-date, and as such, the Court has jurisdiction to hear Plaintiff's TCPA claim."); *Piazza*, 2008 WL 590494, at *2 ("Removal is generally proper when the district courts have original jurisdiction over the action.").[1]

A removing defendant is not required to prove a plaintiff's claim by affirmatively alleging or conceding injury, as Plaintiff urges. Nor can Plaintiff defeat Rentokil's right to a federal forum by suggesting that his own claim is meritless. Subject matter jurisdiction is determined from the face of the complaint, and if the complaint sets forth a federal claim that is "non-frivolous," federal jurisdiction is established. *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999) ("Any non-frivolous

---

[1]     Rentokil's notice of removal further established that the Court has supplemental jurisdiction over the single state-law claim alleging violation of the California Business & Professions Code, Section 17538.43. (Dkt. No. 1 [Notice of Removal] at 1-2.) Plaintiff's state-law claim arises out of the same alleged sending of "unsolicited advertisements" via facsimile as his TCPA claim. (*Id.*)

4

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

1  assertion of a federal claim suffices to establish federal question jurisdiction ….").[2]  The

2  notice of removal, which Plaintiff does not challenge, established that the Court has

3  subject matter jurisdiction over the claims in the Complaint.  No more is required.

**B.   Rentokil Has Not Contested The Court's Jurisdiction.**

5      Plaintiff argues that this Court lacks jurisdiction over his federal claim because

6  Rentokil's Answer denies that Plaintiff suffered injury.  (Mot. at 3.)  Plaintiff further

7  contends that Rentokil "has not established jurisdiction" because it "cited to and relied

8  upon cases like *Spokeo, Inc. v. Robins*" in the context of meeting and conferring on a

9  possible motion to dismiss.  (Mot. at 3.)  Plaintiff's argument fails on both fronts.

10      *First,* Plaintiff erroneously assumes that the Court may consider Rentokil's

11  Answer in determining whether this Court has federal question jurisdiction over

12  Plaintiff's claims.  Rentokil's notice of removal established that this Court has

13  jurisdiction because the claims, as alleged in Plaintiff's Complaint, "arise under" federal

14  law.  *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) ("A case

15  'arises under' federal law only if the federal question appears on the face of the plaintiff's

16  well-pleaded complaint.  The federal question 'must be disclosed upon the face of the

17  complaint, unaided by the answer or the petition for removal.'") (quoting *Gully v. First*

18  *Nat. Bank*, 299 U.S. 109, 113 (1936)).  "Federal jurisdiction cannot hinge upon defenses

---

20  [2] The relative clarity of the Complaint's allegations establishing federal question
21  jurisdiction distinguishes this case from each of those Plaintiff cites for the proposition
22  that courts "resolve all doubts" in favor of remand.  (Mot. at 2.)  In each of Plaintiff's
23  cases, the "doubt" arose from ambiguity or defects in the complaint, not from any
24  answer, brief, or other document offered by the defendant.  *See, e.g.*, *Kokkonen v.
25  Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 380 (petition unclear as to whether court
26  could exercise ancillary jurisdiction); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir.
27  1992) (holding "it is *unclear* what amount of damages the plaintiff has sought")
28  (emphasis in original); *In re Bus. Men's Assurance Co.*, 992 F.2d 181, 182-83 (8th Cir.
1993) ("unclear" from pleading whether ERISA preempted state action); *Bruns v. Nat'l
Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (court would "have to read
numerous unalleged facts into Bruns' complaint" to find claim for constitutional rights
violation).

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

or counterclaims, whether actual or anticipated." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011).[3]  Tellingly, Plaintiff offers no authority for his contention that the Court lacks jurisdiction based on a defense asserted in the Answer.

Plaintiff's argument also improperly conflates an affirmative defense denying injury with the idea that the Court lacks jurisdiction.  Plaintiff cites only a single, unpublished case from the Eastern District of Arkansas for support (Mot. at 3-4), but the decision is inapposite.  In *Davis Neurology v. DoctorDirector.com LLC*, No. 4:16-CV-00095 BSM, 2016 U.S. Dist. LEXIS 84391, at *2 (E.D. Ark. June 29, 2016), the defendant removed the case to federal court and then moved for judgment for lack of standing under Article III.  Before the parties could complete briefing, the court remanded the case *sua sponte* and held that the defendant "essentially concede[d] there is a lack of standing – and thus a lack of jurisdiction," reasoning that, "*by arguing Davis Neurology lacks standing* … [defendant] asserts that jurisdiction is lacking." *Id.* (emphasis added).

Rentokil has not moved to dismiss on standing grounds.  Rather, as an affirmative defense, Rentokil alleges that Plaintiff has not suffered an injury that would permit recovery on either of his claims.  This affirmative defense goes to the merits of Plaintiff's claims.  "Failure to state a claim under federal law is not the same thing as failure to establish federal question jurisdiction under 28 U.S.C. § 1331.  Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that

---

[3]     *See also Aurora Loan Servs., LLC v. Kennedy*, No. 10-CV-0549, 2010 WL 3719071, at *1 (S.D. Cal. Sept. 17, 2010) ("To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's complaint.  The Court does not consider the defendant's answer, defenses, or counterclaims …. [Defendant's answer] cannot be taken into consideration for determining whether removal is appropriate."); *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (holding that "whether a case arises under federal patent law 'cannot depend upon the answer'" and noting that Supreme Court has "declined to adopt proposals that 'the answer as well as the complaint … be consulted before a determination [is] made whether the case "ar[ises] under" federal law ….'") (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 10-11 n. 9)).

6

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

claim is later dismissed on the merits …." *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 951 (9th Cir. 1999); *see Cement Masons Health and Welfare Trust Fund v. Stone*, 197 F.3d 1003, 1008 (9th Cir. 1999), *cert. denied* 534 U.S. 1104 (2002) ("The failure to state a federal claim, either on the pleadings or on the facts, is not the same thing as a failure to establish subject matter jurisdiction."). Subject matter jurisdiction "'is not defeated … by the possibility that the averments might fail to state a cause of action on which [plaintiff] could actually recover.'" *Bollard*, 196 F.3d at 951 (quoting *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

Here, Rentokil denies that it caused Plaintiff any harm that would permit recovery under the claims alleged. Whether Plaintiff has suffered injury sufficient to recover under the TCPA is a substantive issue addressing the merits of the claim. The TCPA is federal legislation created by Congress, which is limited to creating causes of action that satisfy constitutional requirements. *See Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand standing to the full extent permitted by Art. III …. In no event, however, may Congress abrogate the Art. III minima."). Accordingly, Congress "may not waive the constitutional minimum of injury in fact" when it enacts federal legislation such as the TCPA. *U.S. ex rel. Truong v. Northrop Corp.*, 728 F. Supp. 615, 617 (C.D. Cal. 1989) (citing *Valley Forge Christian Coll. V. Ams. United for Separate of Church & State, Inc.*, 454 U.S. 464, 487-88 (1982)). Therefore, injury that satisfies minimum constitutional requirements is necessarily part of a TCPA claim that Plaintiff must plead and prove, regardless of the forum.

**Second,** Plaintiff offers no support for his suggestion that meet-and-confer e-mails between counsel could somehow negate federal question jurisdiction notwithstanding that the complaint asserts a federal claim. Plaintiff cites no authority for this proposition. Nor could he. The purpose of the meet-and-confer requirement of Local Rule 7-3 is to

7

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

avoid unnecessary motion practice by encouraging open discussion of the issues between counsel.  *See Threshold Media Corp. v. Relativity Media, LLC*, 166 F. Supp. 3d 1011, 1015 (C.D. Cal. 2013) ("The purpose of Local Rule 7-3, as the Rule itself makes clear, is for 'counsel to discuss thoroughly, … the substance of the contemplated motion' so that they may 'reach a resolution which eliminates the necessity for a hearing.'") (quoting C.D. Cal. R. 7-3).  That is precisely what happened here.  Rentokil was contemplating, but ultimately decided against, a motion to dismiss for failure to state a claim.

In the spirit of the meet-and-confer process, counsel for Rentokil's e-mail referenced cases potentially relevant to the contemplated motion.  Not only does Plaintiff's Motion mischaracterize the content of the e-mails, but, as evidenced by Rentokil's Answer, those e-mails resulted in Rentokil *declining* to file a motion to dismiss.  Contrary to Plaintiff's suggestion, Rentokil could not have "relied upon cases like *Spokeo*" or any other authority referenced in the e-mail exchange, except to the extent that the exchange influenced Rentokil's decision *not* to pursue the contemplated motion.  Plaintiff ignores that, in that same e-mail exchange, Rentokil's counsel reaffirmed that Plaintiff's allegations "create federal question jurisdiction."  (Dkt. No. 11-1 [Yedalian Decl. Ex. 1] at 5.)

Plaintiff also ignores that he affirmatively alleged injury in his Complaint (Compl. ¶¶ 15, 28, 42, 46), and his counsel declined to clarify those allegations during the meet-and-confer process.  He is thus left making the rather odd argument that the Court should ignore his own injury allegations and remand the case simply because Rentokil denies his vague injury allegations.  But the "law is clear … that a plaintiff should not be permitted to effectuate remand by pointing out the flaws in her own complaint, in effect arguing for dismissal of that claim."  *Barraclough v. ADP Auto. Claims Servs.*, 818 F. Supp. 1310, 1311-12 (N.D. Cal. 1993).  That is precisely what Plaintiff is doing here, and his Motion should be denied.

DEFENDANT'S OPPOSITION TO MOTION TO REMAND

PHX 331824504v4

**IV.** **CONCLUSION**

Removal was proper here.  Plaintiff alleges a federal claim under the TCPA and affirmatively claims injury.  Plaintiff cannot rely on Rentokil's answer or defects in his own complaint to argue for remand.  Rentokil respectfully requests that the motion to remand be denied.

Respectfully submitted,

Dated:  October 20, 2016                        GREENBERG TRAURIG, LLP


                                              By:     /s/ Robert J. Herrington
                                                      Attorneys for Defendant
                                                      Rentokil North America, Inc.

9

DEFENDANT'S OPPOSITION TO MOTION TO REMAND