GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Email: herringtonr@gtlaw.com
Robert S. Freund (SBN 287566)
Email: freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800

Attorneys for Defendant,
RENTOKIL NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J.C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-06941-GW-GJS<br><br>**DEFENDANT RENTOKIL NORTH AMERICA, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO REMAND**<br><br>Judge:  Hon. George H. Wu<br><br>Date:  December 15, 2016<br>Time:  8:30 a.m.<br>Courtroom:  9D, W. 1st Street<br><br>Action removed:  Sept. 15, 2016<br>Trial:  None set |

## I. INTRODUCTION

At the November 10, 2016, hearing on Plaintiff's Motion to Remand, the Court determined that Rentokil's notice of removal established federal question jurisdiction and that Rentokil's Answer does not provide a basis to remand the case. The Court, however, raised the issue of whether Plaintiff has Article III standing. Rentokil suspects that Plaintiff did not suffer injury. But at this stage, the Complaint's injury allegations, though unclear, are accepted as true and construed in Plaintiff's favor for standing purposes. Although Plaintiff may ultimately fail to prove the elements of his claims, because the Complaint alleges injury, remand is inappropriate.

Further, Rentokil's affirmative defense that Plaintiff suffered no injury addresses the merits of Plaintiff's TCPA claim and goes to the heart of Congressional authority to create new causes of action through legislation. Because Congress is restricted by the boundaries of Article III and legislates against the backdrop of the Constitution, injury is a necessary and substantive element of claims brought under federal law, including the TCPA. To hold otherwise would mean that Congress exceeded its authority when it enacted the TCPA, and courts presume that the legislature acts within its constitutional boundaries.

For these reasons and those set forth in Rentokil's Opposition, Plaintiff's motion to remand should be denied.

## II. PLAINTIFF'S COMPLAINT ESTABLISHES FEDERAL JURISDICTION.

The Court's tentative ruling acknowledged that "in removal proceedings, a defendant is only required to file a notice of removal that contains a 'short and plain statement of the grounds for removal,' and attach copies of all state court pleadings." Docket No. 22 at 5 (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014)). The Court determined that Rentokil's notice of removal established federal question jurisdiction over Plaintiff's claims because the Complaint alleges a cause of action under the TCPA, and the parties do not dispute that the Court has supplemental jurisdiction over Plaintiff's state law claim. Docket No. 22 at 4 & n.2. The only

remaining issue is whether the Complaint sufficiently alleges that Plaintiff has Article III standing.

Where, as here, a court raises the issue of standing *sua sponte*, standing is determined "as if raised in a motion to dismiss." *Bernhardt v. Cty. of L.A.*, 279 F.3d 862, 867 (9th Cir. 2002). "'For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party.'" *S.F. Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 856 (N.D. Cal. 2015) (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). "'At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," because courts "presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Maya*, 658 F.3d at 1068 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "Thus, the fact that Plaintiffs may allege facts that, at the pleading stage, satisfy the requirements for Article III standing does not mean these same facts would be sufficient to state a claim." *Yunker v. Pandora Media, Inc.*, No. 11-CV-03113 JSW, 2014 WL 988833, at *2 (N.D. Cal. Mar. 10, 2014).

Though the Complaint's injury allegations are conclusory and unclear, Plaintiff generally alleges that Rentokil's conduct "constitutes a highly offensive intrusion into the homes and or businesses of Plaintiff …. [and] violates the right of privacy of [] Plaintiff." Complt. ¶ 42.[1] The Complaint further alleges that Plaintiff suffered "'Advertising Injury'

---

[1] Where a complaint alleges injury pertaining to privacy rights, general allegations may be sufficient to confer standing. *See, e.g.*, *Carrese v. Yes Online Inc.*, No. CV 16-05301 SJO (AFMx), 2016 WL 6069198, at *5 (C.D. Cal. Oct. 13, 2016) ("[W]hile not every harm recognized by statute will be sufficient to constitute injury in fact, 'a violation of [the California Invasion of Privacy Act] implies a violation of privacy rights.'") (quoting *Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 3543699, at *8 (S.D. Cal. June 29, 2016)); *Matera v. Google Inc.*, No. 15-CV-04062-LHK, 2016 WL 5339806, at *9 (N.D. Cal. Sept. 23, 2016) (noting invasion of privacy may constitute injury in fact for standing purposes under federal wiretapping statute because it is "a harm that has traditionally been regarded as providing a basis for a lawsuit").

within the meaning of standard-form Commercial General Liability or Comprehensive General Liability insurance policies maintained by most businesses." Complt. ¶¶ 42, 56.

Although Rentokil denies that it caused any cognizable injury, Plaintiff's allegations are to be accepted as true at this stage of the litigation. *See Harrison v. E.I. Dupont De Nemours & Co.*, No. 13-CV-01180-BLF, 2016 WL 3231535, at *3 (N.D. Cal. June 13, 2016) ("Plaintiffs are not required to *prove* their [] case at the pleading stage or to satisfy *Iqbal* and *Twombly* standards in order to establish Article III standing.") (emphasis in original); *Yunker*, 2014 WL 988833, at *3 (denying motion to dismiss under Rule 12(b)(1) and holding that "Plaintiffs may face an uphill battle proving that they have Article III standing, but they set forth sufficient facts to *allege* Article III standing") (emphasis in original). These standards are the reason Rentokil did not move to dismiss and why Plaintiff's injury allegations will need to be clarified during discovery.

## III. RENTOKIL'S AFFIRMATIVE DEFENSE AS TO INJURY GOES TO THE MERITS OF PLAINTIFF'S TCPA CLAIM.

Significantly, Rentokil's affirmative defense that Plaintiff has not suffered a cognizable injury is a *substantive* issue that goes to the heart of Congress's authority in enacting the TCPA – an issue that should be decided by a federal court. Congress is limited to creating causes of action that satisfy constitutional requirements. *See Raines v. Byrd*, 521 U.S. 811, 820 n. 3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979) ("Congress may, by legislation, expand standing to the full extent permitted by Art. III …. In no event, however, may Congress abrogate the Art. III minima."). Accordingly, Congress "may not waive the constitutional minimum of injury in fact" when it enacts federal legislation like the TCPA. *U.S. ex rel. Truong v. Northrop Corp.*, 728 F. Supp. 615, 617 (C.D. Cal. 1989) (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 487-88 & n.24 (1982)).

This "requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute." *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009). Congress's ability to create legal rights through legislation is circumscribed by Article III. *See City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) ("'If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute.'") (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). Thus, Article III's limitations are necessarily incorporated into the TCPA, because "Congress legislates against the background of … standing." *See Bennett v. Spear*, 520 U.S. 154, 163 (1997)).

If plaintiffs were permitted to recover under the TCPA without proving injury, it would mean that Congress exceeded its constitutional limitations in enacting the legislation. But courts presume that Congress legislates within its authority. *See Rust v. Sullivan*, 500 U.S. 173, 191 (1991) (noting that out of "respect for Congress," courts may "assume [Congress] legislates in the light of constitutional limits"). Therefore, injury that satisfies minimum constitutional requirements is a substantive component of a TCPA claim that Plaintiff must plead and ultimately prove in any forum.

## IV.  CONCLUSION

Removal was proper here. Plaintiff asserts a federal claim under the TCPA and affirmatively alleges injury, albeit in unclear terms. As a substantive defense in its Answer, Rentokil denies that it injured Plaintiff, but the injury allegations are accepted as true for standing purposes at the pleadings stage. Rentokil respectfully requests that the motion to remand be denied.

Respectfully submitted,

Dated:  December 2, 2016          GREENBERG TRAURIG, LLP

By:  */s/ Robert J. Herrington*
Attorneys for Defendant
Rentokil North America, Inc.

4

DEFENDANT'S SUPPLEMENTAL BRIEF IN OPPOSITION TO MOTION TO REMAND

PHX 331857369v4