GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Email: herringtonr@gtlaw.com
Robert S. Freund (SBN 287566)
Email: freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: (310) 586-7700
Facsimile:  (310) 586-7800

Attorneys for Defendant,
RENTOKIL NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J.C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-06941-GW-GJS<br><br>**DEFENDANT RENTOKIL NORTH AMERICA, INC.'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF RE: MOTION TO REMAND**<br><br>Judge: Hon. George H. Wu<br><br>Date: December 15, 2016<br>Time: 8:30 a.m.<br>Courtroom: 9D, W. 1st Street<br><br>Action removed: Sept. 15, 2016<br>Trial: None set |

1

## I. INTRODUCTION

The Court's November 10, 2016 Order requested "supplemental briefing regarding whether Plaintiff has Article III standing to bring a TCPA claim." Docket No. 22 at 7. Plaintiff's Supplemental Brief sidesteps the issue by omitting any discussion of the injury allegations in the Complaint. Instead, he repeats and amplifies three arguments from his Motion to Remand, each of which fails to provide any basis for remand.

***First,*** Plaintiff discusses how Article III standing may be different from statutory standing (even though neither Rentokil nor the Court raised statutory standing as an issue), but fails to address whether the allegations in his Complaint satisfy Article III. Plaintiff then concludes, incorrectly, that Rentokil "has not met its burden" of establishing jurisdiction, ignoring that his TCPA claim arises under federal law and that his Complaint alleges injury to his privacy. ***Second,*** Plaintiff suggests that TCPA violations might never satisfy Article III, citing inapposite authority that does not address the issue before the Court, *i.e.*, whether Plaintiff has sufficiently alleged Article III standing at the pleading stage. ***Third,*** Plaintiff argues that, even if the Complaint satisfies Article III, the Court should nonetheless remand the case in the interest of judicial economy. But judicial economy is not a factor in determining whether Plaintiff's Complaint sufficiently alleges Article III standing.

In short, Plaintiff's Supplemental Brief simply confirms that Plaintiff's Motion to Remand should be denied.

## II. PLAINTIFF'S DISCUSSION OF STATUTORY STANDING IS NOT ON POINT.

Plaintiff claims that Rentokil is confusing statutory standing with Article III standing. Not so. Rentokil has not challenged Plaintiff's standing, statutory or otherwise. Nor has Rentokil disputed the general premise that "federal Article III standing requirements are not required in state court." Pl. Supp. Brief at 1.[1] Rather, as

---

[1] Plaintiff's reliance on *ASARCO Inc. v. Kadish* is misplaced because that case reviewed a state court ruling on a claim involving a state statute, and it did not address whether a

1

an affirmative defense, Rentokil denies that it caused cognizable injury to Plaintiff—an issue that goes to the merits of Plaintiff's TCPA claim. As discussed in Rentokil's Opposition and Supplemental Opposition, because Plaintiff asserts a claim under the TCPA, a federal statute, Plaintiff must plead and ultimately prove that he suffered injury regardless of where he pursues his claims.

Instead of addressing whether he has alleged Article III standing, Plaintiff simply concludes that Rentokil "has not met its burden." Pl. Supp. Brief at 2. But, as the Court noted in its Order, courts "judge removal based on the pleadings as they existed at the time of removal." Docket No. 22 at 5. Plaintiff once again ignores that he affirmatively alleged injury in his Complaint (Compl. ¶¶ 15, 38, 42, 56), and has declined to clarify those allegations. Though Rentokil denies that it caused any injury, Plaintiff's allegations are accepted as true at the pleadings stage. *See S.F. Herring Ass'n v. Pac. Gas & Elec. Co.*, 81 F. Supp. 3d 847, 856 (N.D. Cal. 2015) (holding that in determining standing, "'courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party'") (quoting *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011)). Therefore, at this juncture, the Complaint sufficiently establishes subject matter jurisdiction and was properly removed.

### III. PLAINTIFF'S SUGGESTION THAT TCPA CLAIMS MIGHT NEVER SATISFY ARTICLE III IS UNSUPPORTED AND INCORRECT.

Plaintiff refers to several authorities that he describes as "hold[ing] that TCPA claims do not satisfy Article III standing requirements." Pl. Supp. Brief at 3.[2] Plaintiff is

---

plaintiff must plead and prove injury to prevail on claims brought under federal statutes. 490 U.S. 605, 610 ("[I]ndividual taxpayers and the Arizona Education Association ... brought suit in Arizona state court, seeking a declaration that the state statute governing mineral leases on state lands, Ariz.Rev.Stat.Ann. § 27-234  (Supp. 1988), is void ...."). Similarly, *Nicklaw v. CitiMortgage, Inc.* is inapposite because it did not involve a claim arising under a federal statute. 839 F.3d 998, 1002  (11th Cir. 2016) ("Nicklaw alleges only that CitiMortgage violated New York law ….").

[2] Plaintiff also renews his attempt to use Rentokil's Answer as a basis for remand and contends that Rentokil "relied upon" TCPA cases referenced in meet-and-confer e-mails.

2

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

wrong, and those authorities have no bearing on whether his Complaint sufficiently alleges Article III standing at this stage of the case. Rather, the pleadings at issue in those cases failed to allege any injury specific to the respective plaintiffs, and the courts held that the defects could be cured through amendment. The cases do not hold that TCPA plaintiffs can never possess Article III standing, as Plaintiff suggests. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012) ("[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA.").

For example, in *Sartin v. EKF Diagnostics, Inc.*, the complaint failed to describe the nature of the plaintiff's injury, alleging that he sustained damages "including but not limited to those contemplated by Congress and the [Federal Communications Commission]." 2016 WL 3598297, at *3 (E.D. La. July 5, 2016).[3] The court held that the plaintiff's "vague reference to Congress and the FCC" did not suffice and granted leave to amend. Similarly, in *Supply Pro Sorbents, LLC v. Ringcentral, Inc.*, the plaintiff did not identify the nature of its injury, but instead described potential harms that "may generally be true of unsolicited fax advertisements" and "merely identifie[d] its injury as the alleged statutory infraction." 2016 WL 5870111, at *3 (N.D. Cal. Oct. 7, 2016).

Here, in contrast, the Complaint identifies the injuries Plaintiff is claiming, which include violations of his privacy rights through "intrusion into the homes and or businesses of Plaintiff," and "'Advertising Injury' within the meaning of standard-form Commercial General Liability or Comprehensive General Liability insurance policies maintained by most businesses." Complt. ¶¶ 42, 56. Though it is not a model of clarity,

---

The Court previously determined that it "would not find that Defendant's Answer provides a basis to remand the case," nor did it consider the meet-and-confer correspondence. Docket No. 22. at 5-6. The Court should reject Plaintiff's attempt to reargue these points.

[3] *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, also cited by Plaintiff, involved the same allegation as in *Sartin* regarding damages, "including but not limited to those contemplated by Congress and the FCC," and the court granted leave to amend the injury allegations. 2016 WL 6143075, at *1 (W.D. La. Oct. 19, 2016).

the Complaint affirmatively alleges injury, and those allegations are accepted as true for purposes of determining standing at this stage. *See Maya*, 658 F.3d at 1068 (9th Cir. 2011) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," because courts "'presume that general allegations embrace those specific facts that are necessary to support the claim.'") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## IV. PLAINTIFF'S JUDICIAL ECONOMY ARGUMENT IS UNSUPPORTED AND INCORRECT.

Plaintiff argues that, even if the Court determines he has met Article III's requirements at this stage, judicial economy would be served by remanding the case because, hypothetically, the Supreme Court or the Ninth Circuit could rule that TCPA claims cannot satisfy Article III. Pl. Supp. Brief at 4. Tellingly, Plaintiff cites no authority for this argument, nor could he. Judicial economy is not a factor of the Article III analysis and cannot serve as a basis for remand where, as here, the court has subject matter jurisdiction over a federal claim. *See* Docket No. 22 at 4 n.4 (reciting Article III standing requirements); *Diamond v. Cty. of Sacramento*, 2006 WL 236902, at *3 (E.D. Cal. Jan. 31, 2006) (denying remand of claims and stating that "the preference for judicial economy does not override the language of § 1447(c) proscribing a remand of the entire case when there is subject matter jurisdiction over some of it") (internal quotation omitted).

Further, nothing suggests that the Supreme Court or Ninth Circuit would decide that TCPA claims could never be heard in federal court. *See Mims*, 132 S. Ct. at 745 (2012) ("[F]ederal and state courts have concurrent jurisdiction over private suits arising under the TCPA."). Plaintiff's hypothetical scenario only underscores Rentokil's argument regarding congressional authority. If, in enacting federal legislation such as the TCPA, Congress created a cause of action that could never proceed in federal court, then it would have "abrogate[d] the Art. III minima," which it cannot do. *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91, 100 (1979). Therefore, the requirement of injury is

4

necessarily incorporated into the TCPA as a substantive component that Plaintiff must plead and ultimately prove.

## V.   CONCLUSION

Plaintiff's Supplemental Brief repeats arguments from the Motion to Remand and fails to address his own injury allegations.  For the reasons above and those set forth in Rentokil's Opposition and Supplemental Opposition, Rentokil respectfully requests that the motion to remand be denied.

Respectfully submitted,

Dated:  December 9, 2016         GREENBERG TRAURIG, LLP

By:   */s/ Robert J. Herrington*
      Attorneys for Defendant
      Rentokil North America, Inc.

5

DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

PHX 331863031v4