CHANT & COMPANY
A Professional Law Corporation
Chant Yedalian (SBN 222325)
Email: chant@chant.mobi
1010 N. Central Ave.
Glendale, CA 91202
Telephone: (877) 574-7100
Fax: (877) 574-9411
Attorneys for Plaintiff

GREENBERG TRAURIG, LLP
Robert J. Herrington (SBN 234417)
Email: herringtonr@gtlaw.com
Robert S. Freund (SBN 287566)
Email: freundr@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:  (310) 586-7700
Facsimile:   (310) 586-7800
Attorneys for Defendant,
RENTOKIL NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| VAHE MESSERLIAN, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RENTOKIL NORTH AMERICA, INC., formerly known as J.C. Ehrlich Co., Inc. (d/b/a Western Exterminator Company), and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:16-cv-06941-GW-GJS<br><br>**JOINT RULE 26(F) REPORT**<br><br>Judge:  Hon. George H. Wu<br><br>Date: Jan. 26, 2017<br>Time:  8:30 a.m.<br>Courtroom:  9D, W. 1st Street |

The parties, Vahe Messerlian ("Plaintiff") and Rentokil North America, Inc. ("Defendant"), hereby respectfully submit this Joint Rule 26(f) Report.

The parties had previously submitted a joint stipulation and proposed order (Dkt. Nos. 29 and 29-2) requesting that the Court continue the January 26, 2017 scheduling conference and the Joint Rule 26(f) Report due date of January 23, 2017, to allow the parties to focus on and participate in their planned mediation.

While the parties still desire the requested continuance, this Joint Rule 26(f) Report is submitted because the Court has not yet ruled on the parties' request for continuance.

## I.   PLAINTIFF'S FACTUAL SUMMARY

Plaintiff alleges that he was sent an unsolicited facsimile advertisement from Defendant in violation of the federal Telephone Consumer Protection Act and the sections of the California Business and Professions Code addressing unsolicited facsimile advertisements. Plaintiff has sued on his behalf and on behalf of a class of others who were sent a similar unsolicited facsimile advertisement.

## II.   DEFENDANT'S FACTUAL SUMMARY AND PROCEDURAL HISTORY

In this putative class action, Plaintiff alleges that he received unsolicited advertisements via telephone facsimile from Defendant, in violation of the Telephone Consumer Protection Act and the section of the California Business and Professions Code addressing unsolicited fax advertisements. Defendant denies that it caused Plaintiff any cognizable injury. Defendant also contends that this case is inappropriate for class treatment because Plaintiff's claims require the consideration of numerous individualized issues. On September 15, 2016, Defendant removed this action from the Superior Court for the County of Los Angeles. On September 22, 2016, Defendant filed an answer denying the substantive allegations of the Complaint. On December 16, 2016, the Court issued an order denying Plaintiff's motion to remand.

## III.   ADDITIONAL PARTIES

The parties do not presently anticipate that additional parties will appear in this litigation.

### IV. COMPLEXITY OF THE CASE

The underlying case is a putative class action. The parties do not oppose reference to the Manual for Complex Litigation as needed in this litigation.

### V. DISCOVERY PLAN

The parties intend to participate in private mediation by no later than April 10, 2017, subject to the availability of the mediator. If the parties are unable to reach a resolution through mediation, the parties agree to complete initial disclosures within 30 days of the completion of the mediation. The parties will meet and confer and work cooperatively on the scope of discovery and any issues that arise, including with respect to electronically stored information. To the extent discovery calls for the production of confidential and/or proprietary documents, the parties will meet and confer and submit a stipulation and proposed protective order for the Court's review.

#### A. Plaintiff's Position:

Plaintiff believes that discovery should not be phased or otherwise bifurcated, particularly given the likely overlap of class and merits issues.

#### B. Defendant's Position:

Defendant proposes that discovery should initially focus on class certification and the named Plaintiff's claims.

### VI. EXPERT WITNESSES

#### A. Plaintiff's Position:

Defendant suggests (below) that, *for purposes of Plaintiff's class certification motion*, Plaintiff disclose any experts Plaintiff plans on using for the class certification motion nearly 3 months *before* the filing of the class certification motion. Plaintiff does not agree to such premature disclosure because it would effectively reduce the time to conduct discovery by approximately 3 months (to ensure that the discovery is obtained and information provided to any expert). If any expert is necessary for the opening class certification brief, a declaration can be filed therewith and defendant will have plenty of

time to depose any such expert in time to prepare its opposition under the briefing schedule it has proposed below.

### B. Defendant's Position:

Defendant proposes that Fed. R. Civ. P (26)(a)(2) disclosures be made at the following deadlines on issues relating to class certification:

Plaintiff's Class Certification Expert Disclosures:  October 16, 2017

Defendant's Class Certification Expert Disclosures:  November 27, 2017

## VII. MOTION SCHEDULE

The parties propose the following discovery and class certification schedule:

| | |
|---|---|
| Close of Class Discovery: | December 20, 2017 |
| Motion to Certify Class: | January 10, 2018 |
| Opposition to Cert Motion: | February 12, 2018 |
| Reply on Cert Motion: | March 16, 2018 |
| Class Certification Hearing: | April 3, 2018 |

### A. Plaintiff's Anticipated Motions

Plaintiff anticipates filing a motion for class certification.  Plaintiff reserves the right to file a motion for summary judgment.  Plaintiff also reserves the right to file a motion to bifurcate trial of liability and damages issues, such that liability issues would be decided first.

### B. Defendant's Anticipated Motions

Defendant anticipates filing a motion for summary judgment.

## VIII. SETTLEMENT AND ADR

The parties agree that this case is suitable for private mediation and intend to complete private mediation by no later than April 10, 2017, subject to the mediator's availability.

## IX. TRIAL ESTIMATE

The parties cannot provide an accurate trial estimate or trial setting date until the Court rules on anticipated class certification and summary judgment motions.  The

parties propose that, after the decision on class certification, the Court hold a further status conference to determine what additional discovery may be needed, as well as the scope of trial.  At this juncture, however, the parties provide the following preliminary estimates/dates:

- The parties believe the estimate length of trial in this action will be approximately 3 days if no class is certified.
- If a class is certified, the parties anticipate trial taking approximately 10-14 days, although this may change based on the Court's summary judgment and class certification rulings.

The parties propose that trial in this action commence on February 11, 2019.

Respectfully submitted,

Dated:  January 23, 2017

CHANT & COMPANY
A Professional Law Corporation

By:  */s/ Chant Yedalian*
Attorneys for Plaintiff Vahe Messerlian

Dated:  January 23, 2017

GREENBERG TRAURIG, LLP

By:  */s/ Robert J. Herrington*
Attorneys for Defendant Rentokil North America, Inc.

4

JOINT RULE 26(f) REPORT

I, Robert J. Herrington, certify pursuant to C.D. Cal. Local Rule 5-4.3.4(a)(2)(i) that the content of this Joint Rule 26(f) Report is acceptable to all parties signing this report and that all parties have authorized the filing.

Dated:  January 23, 2017          GREENBERG TRAURIG, LLP

                           By:   /s/ Robert J. Herrington
                                 Attorneys for Defendant Rentokil North America, Inc.